**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 09 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 15-50073, 15-50104 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-00270-LAB-1 |
| v. | MEMORANDUM[*] |
| JUAN CARLOS SANCHEZ CARRILLO, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted April 6, 2016
Pasadena, California

Before: FERNANDEZ and BEA, Circuit Judges and GONZALEZ ROGERS,[**]

District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Yvonne Gonzalez Rogers, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

Juan Carlos Sanchez-Carrillo challenges the conduct of the district court in proceedings on his motion to correct his sentence under Rule 35[1] after the re-imposition of a 70-month sentence for importation of methamphetamine[2] following remand from a successful appeal.[3] Sanchez-Carrillo asserts that the district court acted improperly when it did not fairly resentence him and, instead, acted to defend its reimposition of the 70-month sentence on remand from this Court's vacatur of the same.[4] We agree, vacate, and remand to a different judge for resentencing.

Canon 2A of the Code of Conduct for United States Judges generally directs judges to "act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Canon 3A(4) explicitly instructs that judges "should not initiate, permit, or consider *ex parte* communications" in an ongoing proceeding. Code Jud. Conduct, Canons 2A, 3A(4) (2009). Although not binding upon us, a California rule is stated more precisely and is particularly

---

[1] *See* Fed. R. Crim. P. 35(a) ("Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.").

[2] 21 U.S.C. §§ 952 and 960.

[3] *United States v. Sanchez-Carrillo*, Case No. 13-50310 (9th Cir. Dec. 12, 2014) (unpublished).

[4] Sanchez-Carrillo labels his claim as one based on judicial vindictiveness, but we see it as a claim that judicial actions undermined the appearance of justice.

instructive here: "a judge shall not independently investigate facts in a proceeding" nor shall a judge "initiate, permit, or consider ex parte communications, that is, any communications to or from the judge outside the presence of the parties concerning a pending or impending proceeding."  California Code of Judicial Ethics, Canon 3.B.7 (2015).

The record shows that in this case the district court intended to impose a 70-month sentence on the defendant regardless of this Court's mandate when the district court emphasized at the close of the hearing on the Rule 35 motion: "I say it one last time: Even if I embraced your suggestion and used the old Guidelines, I would come to the same result. . . . [T]he best that this fellow could do with me on these facts is a 70-month sentence, which is what I imposed the first time and reimposed the second time. . . ."  Thus, this Court evaluates the ruling on the Rule 35 motion against this backdrop.

During the resentencing, the district court acknowledged that it was aware that the standard for a presumption of "vindictiveness" could be satisfied if a sentence higher than the last was imposed.  It further advised that it "would still, after hearing everything, impose a 70-month sentence in this case" regardless of the mandate of this Court.  The district court used an additional report, the DEA-7 lab report, which changed the base offense level under the Sentencing Guidelines

3

and increased the defendant's exposure. The district court obtained this DEA-7 lab report *ex parte* from the government, never explaining why such communication should not have simultaneously included the defense, given the court's intention to consider the contents thereof in its sentencing decision. Based thereon, and consistent with its declaration, the district court imposed a sentence of 70 months.

When Sanchez-Carrillo moved to correct the sentence under Rule 35, the district court undermined the appearance of its neutrality and obtained additional evidence to bolster and defend the resentencing. First, and unbeknownst to the parties, the district court made *ex parte* contact with the government's expert witness to discuss the DEA-7 lab report. At the hearing on Sanchez-Carrillo's Rule 35 motion, the district court then suggested calling the expert as a witness by telephone. Defense counsel objected but the district court nonetheless called the expert and she was sworn telephonically. Next, the district court itself conducted the direct examination of the expert witness. The government did not ask a single question. Moreover, the district court never disclosed that it had already contacted the expert witness *ex parte*. This improper *ex parte* contact was only revealed through defense counsel's cross-examination.

The core of the judicial function is fairness and the lack of even an appearance of impropriety. Such repeated instances of judicial impropriety cannot

4

be countenanced if these judicial tenets are to have meaning. Here, the district court's post-sentencing conduct casts doubt on the fairness of the resentencing and certainly of the Rule 35 proceedings. Accordingly, remand is appropriate. *United States v. Alverson*, 666 F.2d 341, 348-50 (9th Cir. 1982) (district court's *ex parte* communication with case agent prior to sentencing improper and required resentencing).

Sanchez-Carrillo also asserts that remand to a different judge is necessary under the circumstances. We agree. The district court has expressed its unwillingness to impose anything other than a 70-month sentence. "Taking the [district] court at its word," we remand to a different judge. *United States v. Gardenhire*, 784 F.3d 1277, 1284 (9th Cir. 2015); *see Alversen*, 666 F.2d at 349-50; *United States v. Wolfson*, 634 F.2d 1217, 1222 (9th Cir. 1980).

In light of this disposition, we decline to reach Sanchez-Carrillo's other claim of sentencing error.

**VACATED** and **REMANDED** for resentencing.